**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**LAMAR PRILLIMAN,**

**Petitioner,**

**v.** **CIVIL NO. 2:25-cv-97**

**J. BIENEMY, Acting Warden,**

**Respondent.**

# MEMORANDUM ORDER

This matter comes before the court on the Petitioner's pro se Letter Motions to: (1) Enforce the Court's Final Order of June 7, 2026; (2) Compel the Bureau of Prisons ("BOP") to Comply with the Order through Petitioner's immediate release; and (3) Show Cause ("the Motions"). ECF No. 30. In so doing, Petitioner asks the court to order the BOP to immediately release him to home confinement. Id. The Motions were received by the court on July 21, 2026, id., and pursuant to the procedural history detailed below, became ripe for judicial determination on August 17, 2026, see ECF No. 32. For the reasons set forth below, the court **DENIES** the Motions.

## I. FACTUAL BACKGROUND

Petitioner is currently serving a ninety-six (96) month sentence comprised of two (2) concurrent terms, both of which were imposed by the United States District Court for the District of Maryland on September 13, 2022: one for violating the terms of his supervised release in a 2008 conviction,[1] and one for a separate conviction for Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1). See ECF No. 18-1 at 2 ("2022 Judgment").

The instant Petition primarily concerns the 2022 Judgment issued after Petitioner pleaded guilty to one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1). See generally ECF No. 1. The parties agreed to a total term of ninety-six (96) months imprisonment, comprised of concurrent terms for the § 841(a)(1) offense and the violation of supervised release.[2] ECF No. 18-4 at 6. The district court

---

[1] On February 21, 2008, Petitioner was convicted of Conspiracy to Distribute and Possession with Intent to Distribute Cocaine, Cocaine Base, and Heroin. See ECF No. 18-2 (2008 Judgment). On September 13, 2022, for violating the terms of the supervised release imposed in that matter, Petitioner was sentenced to a term of thirty-seven (37) months imprisonment. See ECF No. 18-3 (Judgment for Revocation with Supervised Release).

[2] See supra note 1 and accompanying text.

sentenced Petitioner accordingly. See ECF No. 18-1 at 2; see also ECF No. 18-3 (Judgment for Revocation with Supervised Release).

During his incarceration, Petitioner participated in programming set out in the First Step Act ("FSA"), which could be applied to reduce time spent incarcerated.[3] See ECF No. 31-3 (FSA Time Credit Assessment). As of July 22, 2026, Petitioner accrued 1,232 program days. Id. From that sum, the BOP applied 365 days of credit to Petitioner's release date and 230 days of credit toward Petitioner's eligibility for prerelease in a residential reentry center or home confinement. Id. After applying the FSA credits to his statutory release date of December 17, 2027, Petitioner's updated projected date of release from FCI Gilmer, West Virginia, is scheduled for December 17, 2026. See id.; Find an Inmate, Bureau of Prisons, https://www.bop.gov/inmateloc/.

## II. PROCEDURAL HISTORY

The instant Motions arise from a dispute between Petitioner and the BOP over Petitioner's eligibility to have FSA time credits

---

[3] In enacting the FSA, Congress directed the Attorney General to "establish[] a system of time credits and provide[] eligible inmates the opportunity to earn these credits for participating in evidence-based recidivism reduction programming and productive activities." Valladares v. Ray, 130 F.4th 74, 79 (4th Cir. 2025) (citing 18 U.S.C. § 3632(d)(4)(A)). Earned time credits "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).

applied to his sentence. See ECF No. 1. Petitioner initiated the action in this court through a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, which detailed the dispute over whether Petitioner was eligible to have time credits applied to his sentence under the FSA. ECF No. 1. At the time, the BOP labeled Petitioner as ineligible to have time credits applied. See id. On June 7, 2026, the court issued a Final Order and determined that the BOP's classification was "contrary to the record and inconsistent with Fourth Circuit precedent," and directed the BOP to "recalculate Petitioner's sentence in accordance with any earned time credits." ECF No. 27 at 15 ("June 7 Final Order"). In doing so, the court denied Petitioner's request for immediate release because "the BOP, not the court, must determine Petitioner's release date." See id. at 16.

In accordance with the court's June 7 Final Order, finding that Petitioner was eligible to receive time credits under the FSA, "the BOP corrected the error and updated Petitioner's status to FSA eligible." See ECF No. 31 at 2. On June 25, 2026, Petitioner's sentence was updated to project a release date of December 17, 2026. Id. As of July 28, 2026, the BOP's Sentence Monitoring Computation Data listed Petitioner's FSA-adjusted release date as December 17, 2026, exactly one year earlier than

his statutory release date. See ECF No. 31-1 at 1 ("Sentence Monitoring Computation Data"). Petitioner's revised home detention eligibility date, after applying FSA credits, moved to June 17, 2026. Id.

On July 21, 2026, Petitioner filed the Motions, asserting that his continued confinement at FCI Gilmer is contrary to the court's June 7 Final Order. See ECF No. 30. He asks the court to (1) compel the BOP to comply with the June 7 Final Order, (2) direct the BOP to place Petitioner in home confinement, and (3) issue an Order to Show Cause against the BOP as to why it should not be held in contempt for failing to comply with the June 7 Final Order. See ECF No. 30. Through the Motions, Petitioner asks the court to require the BOP to immediately release him into home confinement based on dates listed in the Sentence Monitoring Computation Data, which was updated in accordance with the court's June 7 Final Order. See ECF Nos. 31 at 2, 31-1.

Respondent filed a Response in Opposition on August 4, 2026, which outlines the BOP's update to Petitioner's time calculations recognizing Petitioner's eligibility under the FSA. See ECF No. 31 at 2 ("Response"). Respondent asks that Petitioner's requests for immediate release and a show cause order be denied because Petitioner has no constitutional or statutory right to home

confinement. See id. at 4-5; United States v. Hart, 983 F.3d 638, 639 (3d Cir. 2020) ("[The FSA] does not guarantee anyone a lower sentence."); Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Additionally, Respondent asserts, the court lacks jurisdiction because any decision by the BOP to place Petitioner in community custody is unreviewable. See ECF No. 31 at 6; Mingo v. Bragg, No. 9:20-0010, 2020 WL 8371203, at *3 (D.S.C. July 28, 2020) ("The decision whether to place an inmate in an RRC or halfway house is committed to the BOP under statutory authority and is not relief this [c]ourt may grant.") (citations omitted).

Petitioner replied on August 17, 2026, and argued that the BOP is "nullify[ing] earned FSA credits" through its refusal to release him into home confinement and again asks the court to "order the BOP" to release him into home confinement. See ECF No. 32 at 2 ("Reply"). Petitioner acknowledged that the "BOP corrected Petitioner's eligibility" but has thus far declined to exercise its ability to transfer Petitioner into home confinement. See id. at 9. In the alternative of requiring Petitioner's immediate release, he requests that "the BOP [] identify the

specific statutory, regulatory, or individualized eligibility determination preventing that transfer" to home confinement. Id. at 12.

## III. ANALYSIS

### A. Motion to Enforce the Court's June 7 Final Order

Petitioner seeks to require the BOP to abide by the June 7 Final Order through a Motion to Enforce. See id. "[A] federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, and has the authority to see that its judgment is fully effectuated." Davis v. Garland, 708 F. Supp. 3d 283, 291 (W.D.N.Y. 2023) (cleaned up); see Gall v. Scroggy, 603 F.3d 346, 352 (6th Cir. 2010). A motion to enforce is appropriate when a party seeks to implement the court's order, perhaps in response to an opposing party's refusal to abide by a previous ruling. See, e.g., Nat'l L. Ctr. on Homelessness & Poverty v. Dep't of Veterans Affs., 842 F. Supp. 2d 127, 129 (D.D.C. 2012) (recognizing the broad power of a court to enforce its prior orders); Pena v. N.Y. Div. for Youth, 708 F.2d 877, 878 (2d Cir. 1983) (affirming a lower court's issuance of a motion to enforce when a party refused to follow an earlier stipulation).

The court retains jurisdiction over the present matter as it stems from Petitioner's initial habeas filing in this court. See

ECF Nos. 1 ("Petition"), 27 ("June 7 Final Order"); Garland, 708 F. Supp. 3d at 291. The court's June 7 Final Order directed the BOP to "update Petitioner's eligibility . . . and to take further action regarding Petitioner's request for the application of any earned time credits as appropriate under the FSA." See id. at 16. Both parties agree that the BOP updated Petitioner's eligibility to have FSA time credits applied. See ECF Nos. 31 at 2, 32 at 1. Moreover, Respondent provided an exhibit of Petitioner's Sentence Monitoring Computation Data as of July 28, 2026, demonstrating that his "FSA ELIGIBILITY STATUS IS: ELIGIBLE" with "365 DAYS" of FSA credits applied to his sentence. See ECF No. 31-1 at 1 ("Sentence Monitoring Computation Data").

In full compliance with the Final Order, the BOP updated Petitioner's status to "eligible" and applied the earned FSA time credits to his sentence computation. See id. Petitioner does not dispute the above, ECF No. 30 at 4, but instead, he asks the BOP to release him, id. at 7. A Motion to Enforce is an inappropriate method to require the Respondent to perform a task that has not been previously ordered. As the BOP carried out the Final Order in accordance with the court's instructions, Petitioner's Motion to Enforce the Court's June 7, 2026, Final Order is **DENIED**.

**B. Motion to Compel the Bureau of Prisons to Effectuate Petitioner's Immediate Release**

In his second motion, Petitioner asks the Court to require the BOP to place him into prerelease custody in accordance with the FSA. Id. at 7. Petitioner believes he is entitled to prerelease custody because, with an updated release date of December 17, 2026, he is eligible for prerelease custody. See id. Petitioner asks that his eligibility for prerelease custody be viewed as binding upon the BOP. See ECF No. 30 at 7.

The BOP is required by law to release prisoners "on the date of the expiration of the prisoner's term of imprisonment." 18 U.S.C. § 3624(a). The language in 18 U.S.C. § 3624(c) encourages the BOP to facilitate prisoner reentry through home confinement and community correctional facilities in the months leading up to their release from BOP custody. This reentry may occur no sooner than twelve (12) months leading up to a prisoner's release date; he then becomes eligible for prerelease custody, described as "conditions that will afford a prisoner reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Id. § 3624(c)(1). While the statute's only limitation does not permit prerelease custody more than one (1) year before release, it does not set a time that a prisoner is entitled to prerelease custody. See id. In effect, there is no violation of

the statute if a prisoner does not spend any time in prerelease custody in the months before his release from the BOP's custody. See id.

Throughout Petitioner's motion, he reiterates the use of the word "shall" in the statute's description of prerelease custody as though it requires the BOP to release eligible prisoners into prerelease custody. See ECF No. 30 at 7; 18 U.S.C. § 3624(c)(1). The court is familiar with this argument, having seen and rejected it in Riddle v. Warden, FCC Petersburg Low, No. 2:25-cv-366, 2026 WL 481079, (E.D. Va. Jan. 12, 2026) (Miller, J.).[4] As outlined in Riddle, reading "shall" as commanding upon the BOP omits the qualification of "to the extent practicable" that follows. See id. at *11. This qualification reiterating the BOP's discretion is followed by clear instruction that "nothing in this subsection shall be construed to limit or restrict the authority" of the BOP, see 18 U.S.C. § 3624(c)(4).

Placement in a residential program or home confinement remains at the discretion of the BOP because the imprisonment term is ongoing. See id.; § 3624(c)(4). Prerelease custody is still

[4] Although the Petitioner in Riddle failed to exhaust his administrative remedies before filing a federal habeas petition, the court addressed the merits because Petitioner's claim "turn[ed] entirely on a legal determination of a statutory interpretation" of prerelease custody within the FSA. See id. at *8.

custody, and the BOP maintains its authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP's designation is judicially unreviewable. See id. ("[A] designation of a place of imprisonment . . . is not reviewable by any court."); Lyons v. Clark, 694 F. Supp. 184, 187 (E.D. Va. 1988) (Ellis, J.) ("[I]n the words of the Fourth Circuit, . . . the authority to designate the place of confinement is exclusively the Attorney General's."); In re Gee, 815 F.2d 41, 42 (7th Cir. 1987) ("[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners.").

Petitioner's Motion to Compel asks the court to perform a duty that it is statutorily proscribed from doing under 18 U.S.C. § 3621(b), i.e., compelling a change to Petitioner's place of imprisonment while he remains in the BOP's custody. Petitioner argues he is eligible for prerelease custody and Respondent does not contest that fact. See ECF No. 31 at 2; see also 18 U.S.C. § 3624(c). Clearly, the BOP has the option of placing the Petitioner in prerelease custody, but the law does not require the BOP to place Petitioner into prerelease custody. See 18 U.S.C.

§ 3624(c). The BOP's choice to keep Petitioner at FCI Gilmer is not a violation of the statute. Moreover, the court cannot require that Petitioner be placed in home confinement when the BOP's designation of Petitioner's place of imprisonment is not reviewable by the court. See 18 U.S.C. § 3621(b); see also Riddle, 2026 WL 481079, at *10-11.

Petitioner's eligibility is not entitlement to prerelease custody (including home confinement), and the BOP cannot be compelled to move him. Accordingly, the Motion to Compel is **DENIED**.

### C. Motion to Show Cause

Petitioner asks this court to require Respondent to show cause for failing to comply with the court's June 7 Final Order. ECF No. 30. However, as discussed,[5] Respondent has not failed to comply with the court's orders. As a result, there is no conflict in need of remedy or discussion that would warrant an Order to Show Cause from the court. Accordingly, the Motion to Show Cause is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motions are **DENIED**. The Clerk is **DIRECTED** to send a copy of this Memorandum Order to the Defendant and to the United States Attorney at Norfolk.

---

[5] See supra Part III.A.

Defendant is **ADVISED** that he may appeal from this Memorandum Order by forwarding a written notice of appeal, within sixty (60) days of its entry, to the Clerk of the United States District Court, 600 Granby Street, Norfolk, Virginia, 23510.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge
-RBS-

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

September 21, 2026